IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
~~JACKSON~~ NORTHERN DIVISION

JUDY GRIMES                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14cv246 DPJ-FKB

OXFORD LAW, LLC, and CUZCO CAPITAL
INVESTMENT MANAGEMENT, LLC                                                DEFENDANTS

**ORIGINAL COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

**I.
INTRODUCTION**

1.      Comes now the Plaintiff by and through counsel, and files this Complaint against the Defendants, Oxford Law, LLC, and Cuzco Capital Investment Management, for breach of fiduciary duty, conversion, fraud, negligence, misrepresentation, and other such conduct which is so egregious as to entitle the Plaintiff to punitive damages, and in support thereof Plaintiff would show the following, *to-wit:*

**II.
JURISDICTION**

2.      Plaintiff respectfully asserts that jurisdiction is proper in this case based upon 28 U.S.C. 1332, in that the parties herein are citizens of different states. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. Venue in this

District is proper in that the Defendants conduct business here and as such the conduct complained of occurred here.

### III.
### PARTIES

3. That the Plaintiff, Judy Grimes, is an adult resident citizen of Rankin County, Mississippi.

4. That the Defendant, Oxford Law, LLC, is a foreign corporation which may be served with process of this Court by serving its corporate manager, Scott Seiler, located at 7900 Highway 7, Suite 350, Minneapolis, Minnesota 55426.

5. That Defendant, Cuzco Capital Investment Management, LLC, is a foreign corporation which may be served with process of this Court by serving its registered agent for service of process, Harvard Business Services, Inc., located at 16192 Coastal Highway, Lewes, Delaware 19958.

### IV.
### TRIAL BY JURY

6. That the Plaintiff, Judy Grimes, is entitled to and hereby requests a trial by jury.

### V.
### REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

7. That the Plaintiff, Judy Grimes, respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, exemplary or punitive damages may be awarded against the Defendants under federal and state laws.

### VI.
### REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

8. That the Plaintiff, Judy Grimes, respectfully requests that this Honorable

Court instruct the jury, as the trier of facts, that in addition to an award of damages, and the costs of litigation, Plaintiff also seeks an award of reasonable attorneys' fees incurred.

## VII.
## FACTUAL ALLEGATIONS

9. Plaintiff received initial dunning correspondence dated February 12, 2013 from the Defendant Oxford Law demanding payment of ($2,149.90) for their client, Defendant Cuzco Capital Investment Management, on a debt for which the original creditor was Capital One Bank who sold or otherwise transferred said debt to the Defendants.

10. Plaintiff subsequently telephoned the Defendant Oxford Law and spoke to a representative of same using the real, or desk, name of "Ollie Day", who told Plaintiff that if she would make a payment of ($100.00) on that day followed by ($500.00) the next Monday, February 18, 2013, then Plaintiff's payoff balance with Oxford Law would be ($1,200.00).

11. Plaintiff was further instructed by Ollie Day of Oxford Law that after making the ($500.00) payment on February 18, 2013, Plaintiff could thereafter make a ($100.00) payment on the fifteenth (15th) of each month until the remaining payoff balance of ($1,200.00) was paid.

12. That Plaintiff accepted the payment terms offered by Ollie Day and, in reliance thereon, provided him with her debit card account information with authorization for him to take the ($100.00) payment followed by a one-time ($500.00) payment on February 18, 2013.

13. That on February 19, 2013 one or more of the Defendants caused to be presented Plaintiff's bank for payment of the agreed upon ($100.00) which was paid by Plaintiff's bank to one or more of the Defendants.

14. That on February 25, 2013 one or more of the Defendants again caused to be presented to Plaintiff's bank for payment of ($600.00), rather than the ($500.00) Plaintiff had agreed to, which was paid by Plaintiff's bank to one or more of the Defendants.

15. Plaintiff called Defendant Oxford Law on March 15, 2013 as she had agreed to do to make her monthly payment of ($100.00) and, again, spoke to Ollie Day who advised Plaintiff that her balance owed was now ($400.00).

16. That on March 15, 2013 one or more of the Defendants caused to be presented to Plaintiff's bank for payment of the ($100.00) authorized by Plaintiff which was paid by Plaintiff's bank to one or more of the Defendants.

17. **Then, without any authority to do so, on March 27, 2013** one or more of the Defendants caused Plaintiff's bank account to be twice debited, first for ($749.40), then again that same day for ($600.00).

18. That neither payment to one or more of the Defendants of ($749.40) and ($600.00) had been authorized by Plaintiff nor were the payments consistent with the agreement Plaintiff had made with Defendant Oxford Law the previous month.

19. That Plaintiff contacted Ollie Day upon learning of the unauthorized debits of her bank account and was told by him that the funds would be returned to her bank account.

20. On April 2, 2013 Plaintiff again called Oxford Law regarding the whereabouts of her stolen money and was told by a representative of same using the real, or desk, name of "Jacob", that it could take up to ten (10) days for her money to be returned to her bank account.

21. That after ten (10) days had passed without the return of her money from the Defendants, the Plaintiff called Defendant Oxford Law for what was now the third-time and was, incredibly, told that her account with Defendant Oxford Law had been "paid in full" and, moreover, that she would not be getting any money back from them.

22. Plaintiff subsequently called Defendant Oxford Law and spoke to "Jacob" again who, this time, told Plaintiff that she would get her money back but that it could take thirty (30) days for that to happen.

23. That with the expiration of the thirty (30) days that Plaintiff had been advised by "Jacob" to wait for the return of her money, and no money have been returned to her, the Plaintiff called Defendant Oxford Law for what was now the fifth-time on May 21, 2013 and again spoke to "Jacob".

24. That "Jacob" told Plaintiff during their May 21, 2013 telephone call that Ollie Day had lost his job at Oxford Law and there was simply nothing they could do to help her with the return of her money.

## VIII.
## CLAIM FOR RELIEF

### A.
### Breach of Fiduciary Duty

25. Plaintiff repeats, re-alleges and incorporates by reference to the foregoing paragraphs.

26. Defendant Oxford Law, LLC was formerly registered in the state of Pennsylvania as Seiler & Associates and was presumably so named for, Scott Seiler, an active member of the Minnesota Bar and whose address is the same as the registered address for Oxford Law, LLC with the Minnesota Secretary of State.

27. That as a member of a state's bar who is collecting money for any of his clients, such as for the Defendant Cuzco Capital Investment Management, LLC and who should have a trust account for safekeeping of said monies collected, Plaintiff should have been reimbursed from such a trust account upon the Defendant Oxford Law's becoming aware that they had wrongfully taken and were holding property of the Plaintiff's.

28. Therefore, Defendant Oxford Law owed to Plaintiff a fiduciary duty of care, loyalty, and fair dealing in the distribution of the money collected from Plaintiff or, as in the instant case, money which should have been immediately and directly returned to Plaintiff.

29. Defendant Oxford Law has breached its fiduciary duties egregiously and in bad faith.

30. Defendant Oxford Law is obligated to return Plaintiff's money that was never its to keep in the first place.

31. Defendant Oxford Law continues to perpetrate breaches, illegalities, and wrongs against Plaintiff by withholding money that belongs to Plaintiff.

32. As a proximate result of the breach of fiduciary duties, Plaintiff suffered damage.

**B.
Conversion**

33. Plaintiff repeats, re-alleges and incorporates by reference to the foregoing paragraphs.

34. Defendants currently possess property due to Plaintiff.

35. Defendants wrongfully possess for their own use and, exercise dominion over, money due to Plaintiff and have, by their lack of response to Plaintiff's attempts to get her money back from them, refused to pay the money due to Plaintiff despite having told her multiple times to the contrary.

36. Plaintiff has made demand on Defendant Oxford Law by both telephone and certified mail for the return of her property.

37. Defendant Oxford Law has refused to turn over the property that rightfully belongs to Plaintiff.

38. These acts constitute such egregious and wrongful conduct as to justify punitive damages.

39. As a result of Defendants' actions the Plaintiff has suffered damage.

### C.
### Negligence

40. Plaintiff repeats, re-alleges and incorporates by reference to the foregoing paragraphs.

41. Defendant Cuzco Capital Investment Management, LLC was grossly negligent in assigning or otherwise transferring for collection, Plaintiff's debt to other Defendants in this action.

42. As a result of said negligence the Plaintiff has suffered damage.

### D.
### Fraud

43. Plaintiff repeats, re-alleges and incorporates by reference to the foregoing paragraphs.

44. Defendant Oxford Law's representations were false and were known to be false when they recklessly misrepresented them to Plaintiff with the intention that Plaintiff should rely on them.

### E.
### Unconscionability

45. Plaintiff repeats, re-alleges and incorporates by reference to the foregoing paragraphs.

46. The conduct of the Defendants is unconscionable and so egregious as to entitle the Plaintiff to punitive damages.

### F.
### Punitive Damages

47. Plaintiff repeats, re-alleges and incorporates by reference to the foregoing paragraphs.

48. The conduct hereinabove described entitles the finder of fact to consider punitive damages in such an amount to deter the Defendants from engaging in such conduct in the future and serve as an example to others.

49. Plaintiff demands damages from the Defendants including money which has been wrongfully taken from her by Defendants.

50. The Plaintiff demands punitive damages from all the Defendants in such an amount to compensate her since the conduct in one or more allegations herein

mentioned constitutes conduct that requires punitive damages.

51. Plaintiff demands punitive damages in such an amount as would deter such conduct in the future and would serve as an example to others that such conduct would not be tolerated.

### G.
### BREACH OF CONTRACT ARISING FROM THE DEFENDANT OXFORD LAW'S FAILURE TO ACT IN GOOD FAITH

52. Defendant Oxford Law breached the implied covenant of good faith and fair dealing by lying to the Plaintiff about the timing and amount of money they would cause to be taken from the Plaintiff's bank account without authority to do so.

53. Defendant Oxford Law's agents lied to Plaintiff on multiple occasions about how much money she was to pay and when, what the payoff balance was, and the timing of payments to be made by her, then lied several times further about returning Plaintiff's money to her bank account.

54. That there is a causal relationship between the Defendant Oxford Law's breach of the contract with Plaintiff and the damages suffered by her as a consequence thereof.

55. That Plaintiff has been denied the benefit-of-the-bargain in her dealings with Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Judy Grimes, prays that upon a hearing of this matter, this Honorable Court will enter a judgment against the Defendants for all reasonable damages sustained by her including, but not limited to, compensatory damages, out-of-pocket expenses, inconvenience, loss of incidental time,

frustration, emotional distress, mental anguish, and for punitive damages, attorneys' fees, and court costs, and all other assessments proper by law and any an all other applicable federal and states laws, together with interest thereon from the date of judicial demand until paid. Plaintiff prays for other such relief, specific or general, as may be deemed proper by this Court in this matter.

                    Respectfully submitted,

                    JUDY GRIMES, Plaintiff

BY: _____
     JOSEPH PATRICK FRASCOGNA
     *Attorney for the Plaintiff*

JOSEPH PATRICK FRASCOGNA, MSB #8897
FRASCOGNA & FRASCOGNA, PLLC
Post Office Box 392
Madison, Mississippi 39130
Telephone:   601.906.5858
Facsimile:    601.510.9577
Email:        PatFrascogna@FrascoLaw.com